IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BROCK USA, LLC, d/b/a<br>BROCK INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>NEXXFIELD INC., and<br>TURF DOGS, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brock USA, LLC, d/b/a Brock International LLC ("Brock") makes the following claims for relief against Defendants Nexxfield Inc. ("Nexxfield") and Turf Dogs, Inc. ("Turf Dogs").

## NATURE OF THE ACTION

1.     This is an action by Brock against Nexxfield and Turf Dogs for infringement of the following United States Patents: U.S. Patent No. 9,771,692, entitled "Base for Turf System" (the "692 patent"); U.S. Patent No. 9,790,646, entitled "Base for Turf System" (the "646 patent"); and U.S. Patent No. 10,982,395, entitled "Base for Turf System" (the "395 patent"). These patents are collectively referred to as the "Asserted Brock Patents."

2.      This action is based, at the very least, on the installation of an artificial turf system, including an artificial turf carpet and shock pads ("Nexxfield Shockpads"), in an athletic field at Silverbacks Park, 3200 Silverbacks Way, Atlanta, Georgia 30340. Nexxfield supplied the artificial turf system and Turf Dogs installed it, with assistance from Nexxfield.

3.      As detailed below, Nexxfield has directly infringed the Asserted Brock Patents by at least offering for sale, selling, and supplying the artificial turf system, including an artificial turf carpet and Nexxfield Shockpads, for the athletic field at Silverbacks Park.

4.      Turf Dogs has directly infringed the Asserted Brock Patents by at least offering for sale, selling, and installing the artificial turf system, including an artificial turf carpet and Nexxfield Shockpads, in the athletic field at Silverbacks Park.

5.      Nexxfield actively induced and contributed to Turf Dogs' infringement by at least marketing, promoting, offering for sale, selling, supplying, and assisting in the installation of the artificial turf system, including an artificial turf carpet and Nexxfield Shockpads, for and in the athletic field at Silverbacks Park.

6.     Nexxfield markets, promotes, offers for sale, sells, and provides the Nexxfield Shockpad in direct competition with Brock's patented shock pad products, including Brock's PowerBase® Pro and PowerBase® YSR shock pads.

7.     This is not the first patent infringement dispute between Brock and Nexxfield. Nexxfield has been aware of Brock's patents on shock pad technologies since at least 2013. Nexxfield marketed, sold, and distributed a shock pad product called the "NexxPad." Brock notified Nexxfield that the NexxPad shock pad was covered by several of Brock's patents. Brock attempted to reach a commercial resolution with Nexxfield, including offering to grant Nexxfield a license under Brock's patents, but Nexxfield refused to accept Brock's proposed license terms while continuing to market, sell, and distribute the NexxPad shock pad.

8.     In July 2016, Brock filed a lawsuit against Nexxfield in the United States District Court for the Northern District of Illinois based on Nexxfield's NexxPad shock pad. That lawsuit culminated in a settlement agreement under which Nexxfield agreed to remove the accused NexxPad shock pad from the United States and Canadian markets for the duration of the term of Brock's patents. The Nexxfield Shockpad that is the subject of this lawsuit is a modified version of the NexxPad shock pad that was the subject of Brock's 2016 patent infringement lawsuit against Nexxfield.

9.     The Nexxfield Shockpad retains features of the NexxPad shock pad that fall within the scope of Brock's patents. For example, like the NexxPad shock pad, the Nexxfield Shockpad is a flat panel made from polyolefin beads bonded together by pressure and heat to form a substantially water impervious surface. And like the NexxPad shock pad, the Nexxfield Shockpad has projections that form channels on its top side, projections that form channels on its bottom side, and drain holes that fluidly connect the top side and bottom sides of the panel. Further, both the NexxPad and the Nexxfield Shockpad have recesses and projections for the interlocking of abutting panels.

## **THE PARTIES**

10.     Brock is a limited liability corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 3090 Sterling Circle, Suite 102, Boulder, Colorado 80301.

11.     Nexxfield is a corporation organized and existing under the laws of Quebec, Canada, with its principal place of business at 9333 Boulevard Parkway, Anjou, QC H1J 1N4, Canada. Nexxfield's website (URL www.nexxfield.com) refers to a "Nexxfield USA" entity and provides a toll free telephone number for Nexxfield USA.

12. Turf Dogs is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business at 1422 Jack Wagner Road, Dahlonega, Georgia 30533. Turf Dogs' registered agent is Robert Wycoff whose address is 4405 Harold Whelchel Road, Gainesville, Georgia 30506.

## JURISDICTION AND VENUE

13. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Nexxfield because Nexxfield has transacted business and engaged in tortious acts of patent infringement in the State of Georgia and this judicial district.

15. Nexxfield's transaction of business and tortious acts of patent infringement include at least offering for sale, selling, and supplying an artificial turf system, including Nexxfield Shockpads, for Silverbacks Park, which is located in this judicial district, and assisting in the installation of the artificial turf system at Silverbacks Park.

16. This Court has personal jurisdiction over Turf Dogs because Turf Dogs resides and has transacted business and engaged in tortious acts of patent infringement, in the State of Georgia and this judicial district.

17.    Turf Dogs' transaction of business and tortious acts of patent infringement include at least offering for sale, selling, and installing an artificial turf system, including Nexxfield Shockpads, for Silverbacks Park.

18.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

## FACTUAL BACKGROUND

19.    Brock was founded in 1998 by Daniel Sawyer. Mr. Sawyer is Brock's CEO. The company initially focused on the design, development, and commercialization of impact protection material for the athletic equipment and the outdoor backpacking/sport equipment industries. This work resulted in an impact protection and body cooling padding called "Brock Foam." Brock later expanded its focus to shock pads for installation under artificial turf fields and playgrounds. Shock pads are designed to reducing sports and recreation-related traumatic brain injuries, such as concussions, that may occur from contact between the head and the surface of an artificial turf field or playground. The shock pad is installed as an impact absorbing layer between the artificial turf or playground surface and the foundation which typically consists of asphalt, graded earth, compacted gravel, or crushed rock. The shock pad may also improve drainage of water from the surface of the artificial turf field or playground. Brock's shock pad products include the SP

Shock Pad, the PowerBase® Pro shock pad, and the PowerBase® YSR shock pad for artificial turf, and the PowerBase® Play shock pad for playgrounds.

20.     The SP Shock Pad is formed by gluing together resilient closed-cell polymer beads. Interstitial spaces between the beads make the padding porous and breathable such that air and liquids can freely pass though the padding. The SP Shock Pad was commercially introduced as "Performance Base" in 2004.

21.     Brock continued its work on shock pad technologies and ultimately designed and developed a system of interconnecting panels formed from resilient closed-cell foam polymer beads that are molded and fused together to form a water-impervious composite. Generally, each panel includes a core, a top side and a bottom side, channels on the top and bottom sides, drain holes that permit fluid to flow from the top side to the bottom side of the panels, and edge configurations for interconnecting panels. This technology was commercialized in Brock's "Performance Base F Series" shock pad in Europe in 2007; PowerBase® (now PowerBase® Pro) shock pad in the United States in 2009; PlayBase® (now PowerBase® Play) shock pad in 2009; and PowerBase® YSR shock pad in 2011.

## THE ASSERTED BROCK PATENTS

22.     Brock has received numerous patents for its shock pad innovations, including the Asserted Brock Patents, and has numerous pending patent applications.

23.     The Asserted Brock Patents have been commercialized in Brock's PowerBase® Pro and PowerBase® YSR products. More than 100 million square feet of these products have been installed.

24.     The U.S. Patent and Trademark Office ("USPTO") duly issued the 692 patent on September 26, 2017. The named inventors on the 692 patent are Steven Sawyer, Daniel Sawyer, and Richard Runkles. Steven Sawyer, Daniel Sawyer, and Mr. Runkles assigned all of their rights in and to the 692 patent to Brock. Brock owns all right, title and interest in and to the 692 patent, including the rights to sue for infringement and to seek monetary damages and injunctive relief. The 692 patent is attached hereto as Exhibit 1.

25.     The 692 patent includes eight claims. Claim 1 of the 692 patent states as follows:

> A turf underlayment layer comprised of an assembly of panels, the panels including a top side having a plurality of projections, a bottom side, and panel edges, the plurality of top side projections forming top side channels that extend across the top side of the panel to allow drainage of fluid across the top side of the panel, and the bottom side having bottom side channels that extend across the bottom side of the panel to allow drainage of fluid across the bottom side of the panel, the panel edges within the turf underlayment layer abutting edges of

adjacent panels, the panels further including a plurality of drain holes positioned through the panel to allow fluid to flow from the top side of the panel to the bottom side of the panel, where the panels are made from a plurality of polyolefin beads, the plurality of polyolefin beads bonded together bay at least one of pressure and heat to produce a substantially water-impervious surface.

26.     The USPTO duly issued the 646 patent on October 17, 2017. The named inventors on the 646 patent are Steven Sawyer, Daniel Sawyer, and Richard Runkles. Steven Sawyer, Daniel Sawyer, and Mr. Runkles assigned all of their rights in and to the 646 patent to Brock. Brock owns all right, title and interest in and to the 646 patent, including the rights to sue for infringement and to seek monetary damages and injunctive relief. The 646 patent is attached hereto as Exhibit 2.

27.     The 646 patent includes 18 claims. Claim 1 of the 646 patent states as follows:

A turf underlayment layer comprised of an assembly of panels, the panels including a top side having a plurality of projections, a bottom side, and panel edges, the plurality of top side projections forming top side channels that extend across the top side of the panel to allow drainage of fluid across the top side of the panel, and the bottom side having bottom side channels that extend across the bottom side of the panel to allow drainage of fluid across the bottom side of the panel, the panels being shaped with a recess for interlocking with one or more adjacent panels in the assembly of panels, and the panels are made from a plurality of polyolefin beads, the plurality of polyolefin beads bonded together by at least one of pressure and heat to produce a substantially water-impervious surface.

28.     Claim 10 of the 646 patent states as follows:

A turf underlayment layer comprised of an assembly of panels, the panels including a top side having a plurality of projections, a bottom side, and panel edges, the plurality of top side projections forming top side channels that extend across the top side of the panel to allow drainage of fluid across the top side of the panel, and the bottom side having bottom side channels that extend across the bottom side of the panel to allow drainage of fluid across the bottom side of the panel, the panels being made from a plurality of polyolefin beads, the plurality of polyolefin beads bonded together by at least one of pressure and heat to produce a substantially water-impervious surface.

29.    Claim 14 of the 646 patent states as follows:

A turf underlayment layer comprised of an assembly of panels, the panels including a top side having a plurality of projections, a bottom side, and panel edges, the plurality of top side projections forming top side channels that extend across the top side of the panel to allow drainage of fluid across the top side of the panel, and the bottom side having bottom side channels that extend across the bottom side of the panel to allow drainage of fluid across the bottom side of the panel, the edges of the panels being shaped so that where the edges of a panel abut the edges of an adjacent panel in the assembly of panels the edges of the panels form a drainage slot capable of allowing water to flow from the top side of the panels to the bottom side of the panels.

30.    Claim 18 of the 646 patent reads as follows:

A turf underlayment layer comprised of an assembly of panels, the panels including a top side having a plurality of projections, a bottom side, and panel edges, the plurality of top side projections forming top side channels that extend across the top side of the panel to allow drainage of fluid across the top side of the panel, and the bottom side having a lower surface that extends across the bottom side of the panel to allow drainage of fluid across the bottom side of the panel, the edges of the panels being shaped with a recess to mate with the edges of similar panels to form a drainage slot capable of allowing water to flow from the top side of the panels to the bottom side of the panels, the panels being made from a plurality of polyolefin beads, the plurality of

olefin beads bonded together by at least one of pressure and heat to produce a substantially water-impervious surface.

31.     The USPTO duly issued the 395 patent on April 20, 2021. The named inventors on the 395 patent are Steven Sawyer, Daniel Sawyer and Richard Runkles. Steven Sawyer, Daniel Sawyer and Mr. Runkles assigned all of their rights in and to the 395 patent to Brock. Brock owns all right, title and interest in and to the 395 patent, including the rights to sue for infringement and to seek monetary damages and injunctive relief. The 395 patent is attached hereto as Exhibit 3.

32.     The 395 patent includes six claims. Claim 1 of the 395 patent states as follows:

> An artificial turf system comprising: an artificial turf layer including a turf carpet; and a turf underlayment layer comprised of an assembly of panels, the panels including a top side having a plurality of projections, a bottom side, and panel edges, the plurality of top side projections supporting the artificial turf layer and forming top side channels that extend across the top side of the panel to allow drainage of fluid across the top side of the panel, and the bottom side having bottom side channels that extend across the bottom side of the panel to allow drainage of fluid across the bottom side of the panel, the panel edges within the turf underlayment layer abutting and interlocking with the edges of adjacent panels, the panels further including a plurality of drain holes positioned through the panel to allow fluid to flow from the top side of the panel to the bottom side of the panel, where the panels are made from a plurality of polyolefin beads, the plurality of polyolefin beads bonded together by at least one of pressure and heat to produce a substantially water-impervious surface.

## NEXXFIELD'S ACTS OF PATENT INFRINGEMENT

33.     The allegations in paragraphs 1-32 above are repeated and incorporated herein by reference.

34.     Nexxfield has sold an artificial turf carpet for an artificial turf field at Silverbacks Park in Atlanta, Georgia.

35.     Nexxfield has supplied an artificial turf carpet for an artificial turf field at Silverbacks Park in Atlanta, Georgia.

36.     Nexxfield has offered to sell Nexxfield Shockpads in the United States.

37.     Nexxfield offered to sell Nexxfield Shockpads for installation in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

38.     Nexxfield has sold Nexxfield Shockpads in the United States.

39.     Nexxfield sold the Nexxfield Shockpad for installation in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

40.     Nexxfield has imported Nexxfield Shockpads into the United States.

41.     Nexxfield imported Nexxfield Shockpads into the United States for installation in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

42.     Nexxfield has supplied Nexxfield Shockpads in the United States.

43.     Nexxfield supplied Nexxfield Shockpads for installation in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

44.     Nexxfield delivered Nexxfield Shockpads to Silverbacks Park in Atlanta, Georgia.

45.     Nexxfield Shockpads were installed in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

46.     Nexxfield installed an artificial turf field at Silverbacks Park in Atlanta, Georgia that includes Nexxfield Shockpads.

47.     Nexxfield assisted Turf Dogs with the installation of Nexxfield Shockpads in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

48.     Nexxfield assisted Turf Dogs with the installation of an artificial turf field at Silverbacks Park in Atlanta, Georgia that includes Nexxfield Shockpads.

49.     The Nexxfield Shockpad is a turf underlayment layer.

50.     Nexxfield Shockpads were installed as a turf underlayment layer in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

51.     The Nexxfield Shockpad has a top side.

52.     The Nexxfield Shockpad has a bottom side.

53.     The top side of the Nexxfield Shockpad has a plurality of projections.

54.     The Nexxfield Shockpad has edges.

55.     One or more edges of the Nexxfield Shockpad include a recess for interlocking with one or more adjacent Nexxfield Shockpads.

56.     In the Nexxfield Shockpad, the edges are configured to allow relative movement of abutting Nexxfield Shockpads in response to thermal conditions or load-applied deflections.

57.     One or more edges of the Nexxfield Shockpad include a dovetail recess for interlocking with one or more adjacent Nexxfield Shockpads.

58.     The Nexxfield Shockpad has channels on its top side.

59.     In the Nexxfield Shockpad, channels on the top side allow for drainage of fluid across the top side of the Nexxfield Shockpad.

60.     Projections on the top side of the Nexxfield Shockpad form channels that extend across the top side of the Nexxfield Shockpad.

61.     The Nexxfield Shockpad has channels on its bottom side that extend across the bottom side of the Nexxfield Shockpad.

62.     In the Nexxfield Shockpad, channels that extend across the bottom side allow for drainage of fluid across the bottom side of the Nexxfield Shockpad.

63.     The Nexxfield Shockpad has channels that extend across the bottom side of the Nexxfield Shockpad and are formed by projections that extend downwardly from the bottom of the Nexxfield Shockpad.

64.     In an artificial turf field at Silverbacks Park, edges of Nexxfield Shockpads abut edges of adjacent Nexxfield Shockpads.

65.     The Nexxfield Shockpad has drain holes positioned through the Nexxfield Shockpad to allow fluid to flow from the top side of the Nexxfield Shockpad to the bottom side of the Nexxfield Shockpad.

66.     The Nexxfield Shockpad is made from a plurality of polyolefin beads that have been bonded together by pressure and heat.

### TURF DOGS' ACTS OF PATENT INFRINGEMENT

67.     The allegations in paragraphs 1-66 above are repeated and incorporated herein by reference.

68.     Turf Dogs has sold an artificial turf carpet for an artificial turf field at Silverbacks Park in Atlanta, Georgia.

69.     Turf Dogs has supplied an artificial turf carpet for an artificial turf field at Silverbacks Park in Atlanta, Georgia.

70.     Turf Dogs has offered to sell Nexxfield Shockpads in the United States.

71.     Turf Dogs offered to sell Nexxfield Shockpads for installation in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

72.     Turf Dogs has sold Nexxfield Shockpads in the United States.

73.     Turf Dogs sold the Nexxfield Shockpad for installation in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

74.     Turf Dogs has imported Nexxfield Shockpads into the United States.

75.     Turf Dogs imported Nexxfield Shockpads into the United States for installation in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

76.     Turf Dogs has supplied Nexxfield Shockpads in the United States.

77.     Turf Dogs supplied Nexxfield Shockpads for installation in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

78.     Turf Dogs delivered Nexxfield Shockpads to Silverbacks Park in Atlanta, Georgia.

79.     Turf Dogs installed Nexxfield Shockpads in an artificial turf field at Silverbacks Park in Atlanta, Georgia.

80.     Turf Dogs installed an artificial turf field at Silverbacks Park in Atlanta, Georgia that includes Nexxfield Shockpads.

## COUNT I – INFRINGEMENT OF THE 692 PATENT BY NEXXFIELD

81.     The allegations of paragraphs 1-80 are repeated and incorporated herein by reference.

82.     Nexxfield has infringed at least claims 1 and 3 of the 692 patent under 35 U.S.C. § 271(a) by using, offering for sale, selling, importing into the United States, providing, and installing an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia.

83.     Nexxfield has actively induced infringement of at least claims 1 and 3 of the 692 patent under 35 U.S.C. § 271(b) by marketing, promoting, offering for sale, selling, importing, providing, and encouraging, instructing, and assisting others to provide, install, and use an artificial turf system including Nexxfield Shockpads at Silverbacks Park in an infringing matter. Nexxfield has engaged in these activities with knowledge of the Asserted Brock Patents and specific intent to induce infringement.

84.     Nexxfield has contributed to the infringement of at least claims 1 and 3 of the 692 patent under 35 U.S.C. § 271(c) by marketing, promoting, offering for sale, selling, importing, and providing, and encouraging, instructing, and assisting others to use and install, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Nexxfield has engaged in these with knowledge of the Asserted Brock Patents, and that the Nexxfield Shockpad is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of the Asserted Brock Patents.

## COUNT II – INFRINGEMENT OF THE 646 PATENT BY NEXXFIELD

85.     The allegations of paragraphs 1-84 are repeated and incorporated herein by reference.

86.     Nexxfield has infringed at least claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, and 18 of the 646 patent under 35 U.S.C. § 271(a) by using, offering for sale, selling, importing into the United States, providing, and installing an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia.

87.     Nexxfield has actively induced infringement of at least claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, and 18 of the 646 patent under 35 U.S.C. § 271(b) by marketing, promoting, offering for sale, selling, importing, and providing, and encouraging, instructing, and assisting others to provide, install, and use, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Nexxfield has engaged in these activities with knowledge of the Asserted Brock Patents and specific intent to actively induce infringement.

88.     Nexxfield has contributed to the infringement of at least claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, and 18 of the 646 patent under 35 U.S.C. § 271(c) by marketing for sale, promoting, offering for sale, selling, importing and providing, and encouraging, instructing, and assisting others to use and install, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Nexxfield has engaged in these with knowledge of the Asserted Brock Patents, and that the Nexxfield Shockpad is especially made and adapted for

use, and is in fact used, in a manner that constitutes infringement of the Asserted Brock Patents.

## COUNT III – INFRINGEMENT OF THE 395 PATENT BY NEXXFIELD

89.     The allegations in paragraphs 1-88 are repeated and incorporated herein by reference.

90.     Nexxfield has infringed at least claim 1 of the 395 patent under 35 U.S.C. § 271(a) by using, offering for sale, selling, importing into the United States, providing, and installing an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia.

91.     Nexxfield has actively induced infringement of at least claim 1 of the 395 patent under 35 U.S.C. § 271(b) by marketing, promoting, offering for sale, selling, importing, and providing, and encouraging, instructing and assisting others to provide, install, and use, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Nexxfield has engaged in these activities with knowledge of the Asserted Brock Patents and specific intent to actively induce infringement.

92.     Nexxfield has contributed to the infringement of at least claim 1 of the 395 patent under 35 U.S.C. § 271(c) by marketing for sale, promoting, offering for sale, selling, importing, and providing, and encouraging, instructing, and assisting

others to use and install, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Nexxfield has engaged in these activities with knowledge of the Asserted Brock Patents, and that the Nexxfield Shockpad is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of the Asserted Brock Patents.

## COUNT IV – INFRINGEMENT OF THE 692 PATENT BY TURF DOGS

93.    The allegations in paragraphs 1-92 are repeated and incorporated herein by reference.

94.    Turf Dogs has infringed at least claims 1 and 3 of the 692 patent under 35 U.S.C. § 271(a) by offering for sale, selling, importing, providing, and installing an artificial turf system that includes Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia.

95.    Turf Dogs has actively induced infringement of at least claims 1 and 3 of the 692 patent under 35 U.S.C. § 271(b) by offering for sale, selling, providing, and encouraging others to use, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Turf Dogs has engaged in these activities with knowledge of the Asserted Brock Patents and specific intent to actively induce infringement.

96.    Turf Dogs has contributed to the infringement of at least claims 1 and 3 of the 692 patent under 35 U.S.C. § 271(c) by offering for sale, selling, and providing, and encouraging others to use, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Turf Dogs has engaged in these with knowledge of the Asserted Brock Patents, and that the Nexxfield Shockpad is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of the Asserted Brock Patents.

## COUNT V – INFRINGEMENT OF THE 646 PATENT BY TURF DOGS

97.    The allegations in paragraphs 1-96 are repeated and incorporated herein by reference.

98.    Turf Dogs has infringed at least claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, and 18 of the 646 patent under 35 U.S.C. § 271(a) by offering for sale, selling, importing, providing, and installing an artificial turf system that includes Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia.

99.    Turf Dogs has actively induced infringement of at least claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, and 18 of the 646 patent under 35 U.S.C. § 271(b) by offering for sale, selling, providing, and encouraging others to use, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia

in an infringing manner. Turf Dogs has engaged in these activities with knowledge of the Asserted Brock Patents and specific intent to actively induce infringement

100.   Turf Dogs has contributed to the infringement of at least claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, and 18 of the 646 patent under 35 U.S.C. § 271(c) by offering for sale, selling, and providing, and encouraging others to use, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Turf Dogs has engaged in these with knowledge of the Asserted Brock Patents, and that the Nexxfield Shockpad is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of the Asserted Brock Patents.

## COUNT VI – INFRINGEMENT OF THE 395 PATENT BY TURF DOGS

101.   The allegations in paragraphs 1-100 are repeated and incorporated herein by reference.

102.   Turf Dogs has infringed at least claim 1 of the 395 patent under 35 U.S.C. § 271(a) by offering for sale, selling, importing, providing, and installing an artificial turf system that includes Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia.

103.   Turf Dogs has actively induced infringement of at least claim 1 of the 395 patent under 35 U.S.C. § 271(b) by offering for sale, selling, providing, and

encouraging others to use, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Turf Dogs has engaged in these activities with knowledge of the Asserted Brock Patents and specific intent to actively induce infringement.

104.   Turf Dogs has contributed to the infringement of at least claim 1 of the 395 patent under 35 U.S.C. § 271(c) by offering for sale, selling, and providing, and encouraging others to use, an artificial turf system including Nexxfield Shockpads at Silverbacks Park in Atlanta, Georgia in an infringing manner. Turf Dogs has engaged in these with knowledge of the Asserted Brock Patents, and that the Nexxfield Shockpad is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of the Asserted Brock Patents.

## BROCK'S INJURIES FROM
## NEXXFIELD'S AND TURF DOGS' INFRINGEMENT

105.   The allegations in paragraphs 1-104 are repeated and incorporated herein by reference.

106.   Brock has complied with the marking and notice requirements of 35 U.S.C. § 287.

107.   Nexxfield's and Turf Dogs' infringement of the Asserted Brock Patents has injured, and continues to injure, Brock.

108.   Brock has received no compensation from Nexxfield or Turf Dogs for their unauthorized uses of Brock's patented technologies. Further, Nexxfield's and Turf Dogs' unabated infringement adversely impacts the perceived value of Brock's intellectual property, patented technologies and reputation in the marketplace and makes Brock vulnerable to additional infringements of its patents.

109.   Brock is entitled to recover damages adequate to compensate Brock for Nexxfield's and Turf Dogs' infringement of the Asserted Brock Patents in an amount that is no less than a reasonable royalty, under 35 U.S.C. § 284.

110.   Brock will continue to be injured unless and until the Court issues an injunction that prohibits further direct and indirect infringement by Nexxfield and Turf Dogs.

111.   Nexxfield's and Turf Dogs' infringement of the Asserted Brock Patents has been willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, and characteristic of a pirate.

112.   This is an "exceptional case" under 35 U.S.C. § 285 because it stands out from others with respect to the lack of substantive strength of Nexxfield's and Turf Dogs' positions. Accordingly, Brock is entitled to an award of its attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Brock requests that a judgment be entered as follows:

A.     An injunction prohibiting each of Nexxfield and Turf Dogs, and all those acting in concert or participation with Nexxfield and/or Turf Dogs, from further acts of direct and indirect infringement of the Asserted Brock Patents;

B.     An award to Brock of such damages as it can prove at trial against Nexxfield and/or Turf Dogs adequate to fully and adequately compensate Brock for the acts of infringement that have occurred, said damages to be no less than a reasonable royalty;

C.     An award to Brock for any damages so determined that are found for willful infringement under 35 U.S.C. § 284, together with prejudgment interest;

D.     A finding that this case is "exceptional" under 35 U.S.C. § 285, and an award to Brock of its attorney fees and other expenses of litigation;

E.     Such other relief as this Court and the jury may determine to be proper and just.

## DEMAND FOR TRIAL BY JURY

In accordance with Fed. R. Civ. P. 38, Brock hereby requests a trial by jury of all issues properly triable to a jury in this case.

Dated: August 19, 2021

Respectfully submitted,
*s/ Puja Patel Lea*

David J. Sheikh (PHV to be filed)
Christopher J. Lee (PHV to be filed)
Richard B. Megley, Jr. (PHV to be filed)
Ashley E. LaValley (PHV to be filed)
Dragan Gjorgiev (PHV to be filed)
LEE SHEIKH MEGLEY & HAAN
111 West Jackson Boulevard
Suite 2230
Chicago, Illinois 60604
Phone:     312.982.0062
Fax:        312.982.0071
Email:     dsheikh@leesheikh.com
              clee@leesheikh.com
              rmegley@leesheikh.com
              alavalley@leesheikh.com
              dgjorgiev@leesheikh.com

Puja Patel Lea
(Ga. Bar No. 320796)
Lindsay Mitchell Henner
(Ga. Bar No. 272310)
Micah B. Hensley
(Ga. Bar No. 256981)
Eric M. Pettis
(Ga. Bar No. 360485)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree Street, NE
Suite 3000
Atlanta, GA 30308
(404) 885-3362
Email:     puja.lea@troutman.com
              lindsay.henner@troutman.com
              micah.hensley@troutman.com
              eric.pettis@troutman.com

*Attorneys for Plaintiff*
*Brock USA, LLC, d/b/a Brock*
*International LLC*

*Attorneys for Plaintiff*
*Brock USA, LLC, d/b/a Brock*
*International LLC*